UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

IN RE:        KRISTIN M. ALLARD                    Chapter 7
                                                   BK No. 18-10820
              Debtor

### TRUSTEE'S APPLICATION TO EMPLOY SPECIAL COUNSEL

Charles A. Pisaturo, Jr., chapter 7 trustee of the above referenced debtor's estate, requests that this Court enter an Order pursuant to §327(e) of the Bankruptcy Code and Bankruptcy Rule of Procedure 2014(a) authorizing him to employ Matthew J. McGowan and the Law Office of Salter McGowan Sylvia & Leonard, Inc. as trustee's special counsel to represent the trustee in connection with claims related to one or more avoidance actions under applicable provisions of the Bankruptcy Code and/or other applicable State and Federal statutes (including, without limitation, 11 U.S.C. §548, and R.I. Gen. Laws §6-16-1 et seq.).  In support of this application, the trustee states as follows:

1. On May 9, 2018, the debtor filed a chapter 7 bankruptcy petition.  The undersigned is the chapter 7 trustee and general counsel to the trustee under 11 U.S.C. §327(a).

2. The bankruptcy estate has potential legal claims and causes of action, including, without limitation claims against the transferees of interests in the real property located at 11 Hudson Street, Providence, Rhode Island (the "Property").  The Property was unencumbered and was transferred within two (2) years prior to the debtor's bankruptcy filing for no consideration (See Statement of Financial Affairs Part 5, Question 13).  The debtor testified that that there was no consideration for the transfer.  Charles Pisaturo, as trustee and as trustee's counsel under 11 U.S.C. §327(a) began an investigation of the facts and circumstances surrounding the pre-petition transfer of the Property, including obtaining information and documents from the transferees of the interests in the Property and Pisaturo scheduled Federal Bankruptcy Rule 2004

examinations of witnesses. Those examinations have not yet occurred. The interests transferred include a fee simple interest and a mortgage interest.

3. The trustee seeks the assistance of attorney McGowan and his firm in representing the trustee in the continued investigation and discovery of facts related to the transfers of the Property and the prosecution of any and all claims and causes of action related thereto, including, if applicable, any discharge objection claims. Special counsel's duties will include, without limitation, fact investigation, discovery, litigation, and advising the trustee with respect to any rights and claims of the estate in connection with any and all such pre-petition activity and conduct.

4. Proposed counsel is experienced in bankruptcy law, has represented bankruptcy trustees and is well versed in the types of matters in which he is to be engaged. He is a regular practitioner before this Court as well as other Bankruptcy Courts, Federal District Courts and State Courts, and is well aware that this Court's approval of his employment is not a determination by this Court that his services are necessary. Proposed counsel is aware that any compensation or reimbursement of expenses to him and his firm cannot and will not be paid without prior approval of this Court after an application for same is made with notice to all interested parties and an opportunity to be heard.

5. Section 327(e) authorizes this Court to approve the trustee's employment of special counsel that do not hold or represent an interest adverse to the estate and that are disinterested persons, to represent or assist the trustee.

6. Proposed counsel will seek compensation from the bankruptcy estate, on an hourly rate basis, plus reimbursement of out of pocket expenses. The following hourly rates will be charged for the requested services:

Proposed special counsel McGowan will charge $350.00 per hour; His associate's rate is $235.00 per hour. The applicant understands that no compensation or reimbursement of expenses will be paid without prior Court approval after application, with notice to all interested parties.

Moreover, although the trustee has previously hired himself as counsel in this case, there will not be any duplication of efforts or services between proposed counsel McGowan and the trustee for which compensation will be sought (i.e., they won't both apply for compensation for performing duplicative services).

7. To the best of the applicant's knowledge, attorney McGowan and his firm are "disinterested" persons within the meaning of 11 U.S.C. §101(14), and do not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which they are to be employed, and have no connection with the debtor, the creditors, and any other party in interest, and their respective attorneys and accountants. Attached hereto and in support hereof, is the signed affidavit of the proposed attorney to chapter 7 trustee indicating that he meets the standards set forth in Code §327(e) in order to be hired in this case.

WHEREFORE, the Trustee requests that this Court enter an order authorizing the employment of Matthew J. McGowan and the Law Office of Salter McGowan Sylvia & Leonard, Inc. as his counsel with final compensation subject to approval of this Court upon application made therefor.

November 13, 2018

/s/Charles A. Pisaturo, Jr.
CHARLES A. PISATURO, JR. (REG NO. 4615)
Trustee
Law Offices of Charles A. Pisaturo, Jr.
1055 Elmwood Avenue
Providence, RI 02907
TEL:  (401) 274-3800
FAX:  (401) 751-6786

## NOTICE

Within fourteen (14) days after service, if served electronically, as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if served by mail or other excepted means specified, any party against whom such paper has been served, or any other party who objects to the relief sought, shall serve and file an objection or other appropriate response to said paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, 6th Floor, Providence, RI 02903, (401) 626-3100. If no objection or other response is timely filed, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of November, 2018, I served by electronic filing (ECF) or by first-class mail, postage pre-paid, a copy of the within TRUSTEE'S APPLICATION TO EMPLOY COUNSEL to the following parties: Gary L. Donahue, Esq., Assistant U.S. Trustee, Peter G. Berman, Esq., Marc D. Wallick, Esq.:

Matthew J. McGowan, Esq.
Salter McGowan Sylvia & Leonard, Inc.
321 South Main Street, Suite 301
Providence, RI 02903
MMcGowan@smsllaw.com

Christopher Lefebvre, Esq. (via electronic mail)
court@lefebvrelaw.com

James J. McNulty
40 Court Street Suite 1150
Boston, MA 02108

PRA Receivables Management, LLC  PO Box 41021
Norfolk, VA 23541

/s/ Jennifer Peters
Jennifer Peters
Law Offices of Charles A. Pisaturo, Jr.  1055 Elmwood Avenue
Providence, RI 02907