**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| In Re: Kristin M. Allard | : | Chapter 7 |
| | : | No. 18-10820 |
| Debtor | : | |
| | : | |
| Charles A. Pisaturo, Jr., Chapter 7 Trustee | : | |
| Plaintiff | : | |
| v. | : | A.P. No. 19- |
| Theresa Primo and Janis A. Goneconte, | : | |
| Defendants | : | |

## COMPLAINT

This Complaint is brought by the Plaintiff, Charles A. Pisaturo Jr., Trustee, to avoid and recover for the benefit of the above-referenced Debtor's bankruptcy estate the pre-bankruptcy fraudulent transfer by the Debtor of real property located at 11 Hudson Street, Providence, Rhode Island or the value of said property, and for related relief.

*Parties*

1. Plaintiff, Charles A. Pisaturo, Jr., is the duly appointed, qualified and acting chapter 7 trustee in the above referenced bankruptcy case.

2. Defendant Theresa Primo is a resident of the State of Rhode Island, with an address of 11 Hudson Street, Providence, Rhode Island.

3. Defendant Janis A. Goneconte is a resident of North Providence, Rhode Island

1

with an address of 14 Carriage Way, North Providence, Rhode Island. Janis Goneconte is the husband of Peter Goneconte.

4.   At all relevant times Defendant Theresa Primo, directly and through Theresa Primo's son, Jason Tanner, had a close personal relationship with the Debtor, did not deal at arm's length with the Debtor, and otherwise was an "insider" in respect to the Debtor, including as contemplated and defined in the Bankruptcy Code (11 U.S.C. § 101 *et seq.*—hereafter, "Code § ___") and applicable decisional law.

### *Jurisdiction and Venue*

5.   This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157 and §1334 and Code §§ 548 and 550 and the provisions of Local Rule LR Gen 109 ("Bankruptcy") of the United States District Court for the District of Rhode Island.

6.   This is a core proceeding under 28 U.S.C. §157 (b)(2)(A)(E)(H) and (O).

7.   This Court and district is the appropriate venue for this proceeding, as provided in 28 U.S.C. § 1409 (a).

### *Facts*

8.   On May 9, 2018, the Debtor filed a chapter 7 bankruptcy petition for relief with this Court, with schedules of her assets and liabilities and a statement of her financial affairs, signed under oath by the Debtor, having been filed therewith or thereafter with this Court.

9.   According to those schedules, statement of financial affairs, and her Code § 341 meeting of creditors testimony, the Debtor was and remained at relevant times an owner of one or more business entities along with a business partner, Jason Tanner.

10.   Jason Tanner has been referred to as the Debtor's "cousin." Defendant Theresa Primo is the mother of Jason Tanner, and she has been referred to as the "aunt" of the Debtor.

11. Among the business entities in which the Debtor owned an interest with her "cousin" Jason Tanner was "J&K Acquisitions and Holdings, Inc.," a Massachusetts corporation ("J&K") which operated an automobile dealership.

12. The Debtor's business partner and "cousin," Jason Tanner, was also an owner of an entity known as "South Coast Motors" and/or "South Coast Auto Exchange," also an automobile dealership operating in Massachusetts ("South Coast Motors").

13. Jason Tanner had business relationships with Peter Goneconte, the husband of Defendant Janis Goneconte, or his entities.

14. Peter Gonconte controlled and was the President of Laurel Hill Auto Sales, Inc., a Rhode Island corporation which operated a wholesale auto business ("Laurel Hill").

15. Laurel Hill supplied vehicles to South Coast Motors and had other dealings with Jason Tanner and his businesses.

16. From these dealings, Jason Tanner and his businesses had financial obligations to Laurel Hill, to Peter Gonconte, and/or to Janis Gonconte.

17. Vehicles were provided to J&K through floor-plan financing or similar arrangement by a Massachusetts-based lender, Shamrock Finance, LLC ("Shamrock Finance"), with Shamrock Finance holding the original titles to such vehicles.

18. On or around September 1, 2016, both Jason Tanner and the Debtor signed personal guaranties to Shamrock Finance in connection with J&K's obligations to that lender.

19. Shortly thereafter, J&K began selling vehicles "out of trust"—that is, by selling vehicles to buyers but without, in turn, remitting the required proceeds of such sales to Shamrock Finance, and with such buyers, therefore, not receiving the original titles to the vehicles for which they were paying J&K.

20. When Shamrock Finance found out about such "out of trust" dealings, it, in November 2016, began to exercise its rights as a secured creditor against the inventory of vehicles at J&K.

21. Shamrock Finance was not made whole through the exercise of such rights and J&K and its guarantors, the Debtor and her "cousin" Jason Tanner, owed and continue to owe substantial sums to Shamrock Finance.

22. South Coast Motors was indebted to a secured creditor, Rockland Trust Company, which held a security interest in its inventory of vehicles.

23. Also in 2016, Rockland Trust Company exercised its rights against its inventory of vehicles at South Coast Motors, and, on information and belief, also exercised or attempted to exercise rights against vehicles at J&K.

24. As a consequence of the exercise of such rights by Shamrock Finance and Rockland Trust Company, and for other reasons, Laurel Hill was not paid for vehicles it had provided to Jason Tanner and/or his businesses, including South Coast Motors and J&K, and, as a result, a substantial sum of money, in excess of $100,000, was owed and remained unpaid by them to Laurel Hill and/or to Peter Goneconte, and/or to Janis Goneconte.

25. Prior to her bankruptcy filing, the Debtor was the sole owner of and held record title, singly, to a multi-family residential property located at 11 Hudson Street, Providence, Rhode Island (the "Hudson Street Property"), on which there was no mortgage. The Hudson Street Property was not the Debtor's residence.

26. On or about January 9, 2017, the Debtor executed and delivered a quitclaim deed to the Hudson Street Property, transferring it to her "aunt," Defendant Theresa Primo, who is also the mother of her "cousin" and business partner, Jason Tanner.

27. The stated consideration on the January 9, 2017 deed was one dollar ($1.00).

28. The deed states that no transfer stamps were required, and the Debtor has stated in her statement of financial affairs and has testified at a Code §341 meeting that there was no consideration given to her in connection with the transfer of the Hudson Street Property (hereafter, the "Hudson Street Transfer").

29. The Hudson Street Transfer of January 9, 2017 was made just shortly after the commencement of and during the continuation of the exercise of rights and the assertion of claims by Shamrock Finance and Rockland Trust Company identified above.

30. It was made at a time when the Debtor, Jason Tanner, and J&K owed substantial unpaid obligations to Shamrock Finance, and when Jason Tanner and/or his businesses owed substantial unpaid obligations to Rockland Trust Company.

31. It was made at a time when J&K and/or Jason Tanner and his businesses owed substantial unpaid obligations to Laurel Hill and/or to Peter Goneconte and/or Janis Goneconte.

37. The Debtor identified the Hudson Street Transfer to Defendant Primo on her Statement of Financial Affairs, in part 5, question No.13 as a gift.

38. The Debtor testified at her Code §341 meeting of creditors that she received no monetary consideration for the Hudson Street Transfer.

39. According to an October 10, 2018 appraisal of the Hudson Street Property performed by Peter M. Scotti & Associates, the fair market value of that property is Three Hundred and Fifty Thousand Dollars ($350,000.00).

40. The Debtor testified at her Code §341 meeting of creditors that at the time of the Hudson Street Transfer there were no liens or encumbrances on the Hudson Street Property.

41. According to her sworn schedules I and J, at the time of her bankruptcy filing, the

Debtor's total monthly household income was $1,573 less than her regular monthly household expenses.

42. According to her bankruptcy schedules, at the time of her bankruptcy filing, excluding her exempt homestead, the Debtor had $20,200 of stated value in personal property and over $218,000 in liabilities.

43. The Debtor was insolvent on the date of the Hudson Street Transfer or was rendered insolvent thereby.

44. At the time of the Hudson Street Transfer, the Debtor was unable to pay her debts as such debts were accruing or had accrued.

45. There remains a creditor or creditors of the Debtor with a claim or claims that arose before the Hudson Street Transfer and that remain unpaid as of the bankruptcy petition date, including Shamrock Finance.

46. But for it being transferred out, the Hudson Street Property and/or the value thereof could have been used to pay the Debtor's creditors.

47. A few months after the Hudson Street Transfer, and with Peter Gonconte having stated that he wanted security for the money owed to him, his wife, and/or to his company, Laurel Hill, Defendant Theresa Primo, on or about August 23, 2017, executed and delivered to Defendant Janis Goneconte a personal guaranty, guaranteeing her son Jason Tanner's stated $206,000 indebtedness to Janis Goneconte (the "Guaranty").

48. On or about August 23, 2017, Defendant Theresa Primo also executed and delivered to Defendant Janis Goneconte a promissory note in the stated principal amount of Two Hundred and Six Thousand Dollars ($206,000) (the "Note").

49. And on or about August 23, 2017, Defendant Theresa Primo executed and

delivered to Defendant Janis Goneconte a mortgage against the Hudson Street Property to secure the $206,000 indebtedness referred to in paragraphs 32 and 33 above (the "Mortgage"), which was recorded in the Providence, Rhode Island land evidence records.

50. Theresa Primo received no benefit or other consideration in connection with her providing the Guaranty, the Note or the Mortgage.

51. The Debtor received no consideration in exchange for the Defendant Primo's execution and delivery of the Note, Guaranty, and Mortgage.

### Count I

### (Fraudulent Transfer of the Property Under 11 U.S.C. § 548 and R.I. Gen. Laws. § 6-16-1 *et seq.*)

52. The Plaintiff hereby incorporates the assertions set forth in paragraphs 1-51 hereof as if separately set forth and repeated herein.

53. The Hudson Street Transfer was made with actual intent to hinder, delay and/or defraud one or more of the Debtor's creditors.

54. The Debtor received nothing for, and, in any event, less than a reasonably equivalent value in exchange for, the Hudson Street Transfer, and on the date of that transfer the Debtor was insolvent or that transfer rendered the Debtor insolvent.

55. The Debtor refers to the Defendant Theresa Primo as her "aunt" and the Debtor and Defendant Primo at all relevant times had a close personal or other relationship such that Defendant Primo was not dealing at arm's length with and was otherwise an "insider" in respect to the Debtor at the time of the Hudson Street Transfer, and Defendant Primo had reasonable cause to believe that the Debtor was insolvent at that time. The Debtor and Defendant Theresa Primo were also insiders as to Janis Goneconte and her husband, through their relationships

7

including those through Jason Tanner, and otherwise had a close personal or other relationship such that their dealings with Janis Goneconte and those with her, individually and in her capacities for her husband and his businesses, were not arm's length dealings and Janis Goneconte had reasonable cause to believe that the Debtor was insolvent at all relevant times.

56.  Accordingly, the Plaintiff has the right to and does hereby seek a recovery of the Hudson Street Property or its value from Defendant Primo and from Defendant Janis Goneconte and asserts all other rights, and claims against them, and all other interest and remedies under R.I. Gen. Laws § 6-16-1 *et. seq.*, including under §§ 6-16-4 and 6-16-5, including § 6-16-5 (b) as a transfer to an insider for an antecedent debt with such insider, Janis Goneconte having reasonable cause to believe that the Debtor was insolvent, with such claims and rights made applicable here through the Plaintiff's rights under Code § 544(b).

57.  The Hudson Street Transfer is further avoidable because it was made with the actual intent to hinder, delay or defraud one or more of the Debtor's creditors, and the Plaintiff has the right to and does hereby seek recovery of the Hudson Street Property or its value from Defendant Primo and from Defendant Janis Goneconte and asserts all other rights, claims, interest and remedies under Code §548(a)(1)(A).

58.  The Hudson Street Transfer is avoidable and the Plaintiff has the right to and does hereby seek recovery of the Hudson Street Property or its value from Defendant Primo and from Defendant Janis Goneconte and asserts all other rights, claims, interest and remedies under Code §548(a)(1)(B).

**Count II (Defendant Janis Goneconte)**

**Recovery of Hudson Street Transfer and of Subsequent Transfer(s) from Janis Goneconte
(11 U.S.C. § 550)**

59. The Plaintiff hereby incorporates the assertions set forth in paragraphs 1-58 hereof as if separately set forth and repeated herein.

60. The Hudson Street Transfer is avoidable under Code §548(a)(1)(A), (a)(1)(B), and R.I. Gen. Laws § 6-16-1 *et. seq.*, including under §§ 6-16-4 and 6-16-5, made applicable here through the Plaintiff's rights under Code §544(b), from Defendant Theresa Primo as the initial transferee of such transfer and also from Defendant Janis Goneconte because she was, individually and for and on behalf of her husband and/or one or more of his businesses, "the entity for whose benefit" the Hudson Street Transfer was made as provided under Code § 550 (a)(1).

61. Defendant Theresa Primo granted the Mortgage on the Hudson Street Property to Defendant Janis Goneconte, who, in seeking and obtaining such mortgage, along with the aforementioned Note and Guaranty, was acting for or on account of herself or for or on account of, or as a proxy for, her husband, Peter Goneconte or one or more of his businesses. Defendant Janis Goneconte is a party from whom the Hudson Street Property can be recovered, unencumbered by the Mortgage thereon, because the Mortgage proceeded from the fraudulent transfer of the Hudson Street Property to the initial transferee, Theresa Primo. Defendant Janis Goneconte is thus a party from whom the Hudson Street Property can be recovered both because she was, in such capacities, the party for whose benefit the fraudulent transfer of the Hudson Street Property was made, and because she was, through the Mortgage and otherwise an immediate and/or mediate transferee from the initial transferee of the Hudson Street Property, Theresa Primo, as provided in Code § 550 (a)(1) and (2), with the Mortgage thereon being void or otherwise ignored or ineffective.

62. The Debtor received no consideration in exchange for the transfers by Defendant Theresa Primo of the Note, Guaranty or Mortgage to Defendant Janis Goneconte.

63. Defendant Theresa Primo also received no consideration in exchange for the transfers by her of the Note, Guaranty and Mortgage to Defendant Janis Goneconte.

WHEREFORE, the Plaintiff prays that the Court determine, declare and enter judgment for the Plaintiff as follows:

A. On Count I, declare that Defendant Theresa Primo received a voidable fraudulent transfer under Bankruptcy Code §548 and R.I. Gen. Laws § 6-16-1 *et seq.,* made applicable hereunder through Code § 544(b), of the Hudson Street Property from the Debtor and that such Property or its value is recoverable by the Plaintiff, and that Janis Goneconte received a fraudulent transfer of the Mortgage, and that such Property or its value is also recoverable from her, with the Mortgage thereon voided or ignored;

B. On Count I, declare that under Code § 550 the Plaintiff may avoid the Hudson Street Transfer and recover, for the benefit of the bankruptcy estate, the Hudson Street Property or the value of that property;

C. On Count I declare that the Hudson Street Property is property of the bankruptcy estate under Code § 541.

D. On Count II, declare that the Hudson Street Property or its value can be recovered for the benefit of the bankruptcy estate, with the Mortgage of Defendant Janis Goneconte against such property being ignored or otherwise set aside as being void;

E. Declare that the Plaintiff is entitled to be paid his reasonable attorneys' fees, costs

and expenses in this proceeding; and

F.      Grant the Plaintiff such other and further relief as is just.

 

Plaintiff Charles A. Pisaturo, Jr.,
Chapter 7 Trustee

By His Attorney,

February 28, 2019                    */s/ Matthew J. McGowan*
Matthew J. McGowan, Esquire
Salter McGowan Sylvia & Leonard, Inc.
56 Exchange Terrace, Suite 500
Providence, RI 02903
401.274.0300
mmcgowan@smsllaw.com
Bar No. 2770

f:\contents\allard, kristin\bankruptcy court papers\complaint\trustee complaint vs t primo and others mjm final.docx